UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO. 6:21-cv-694-CEM-DCI

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

HARBOR CITY CAPITAL CORP,
HARBOR CITY VENTURES, LLC,
HCCF-1 LLC,
HCCF-2 LLC,
HCCF-3 LLC,
HCCF-4 LLC,
HCCF-5 LLC,
HARBOR CITY DIGITAL VENTURES, INC.,
HCC MEDIA FUNDING, LLC,
JONATHAN P. MARONEY,

                Defendants,

and

CELTIC ENTERPRISES, LLC,
TONYA L. MARONEY,

                Relief Defendants.
_____/

UNDER SEAL

**FILED** 2021 APR 20 AM 11:54 DISTRICT COURT MIDDLE DISTRICT OF FLORIDA ORLANDO, FLORIDA

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR LEAVE TO FILE ITS EMERGENCY *EX PARTE* MOTION AND MEMORANDUM OF LAW FOR TEMPORARY RESTRAINING ORDER, ASSET FREEZE AND OTHER INJUNCTIVE RELIEF IN EXCESS OF THE 25-PAGE LIMIT

Plaintiff Securities and Exchange Commission moves this Court for leave to file its Emergency *Ex Parte* Motion and Memorandum of Law for Temporary Restraining Order, Asset Freeze and Other Injunctive Relief ("TRO Motion") in excess of the 25-page limit set by Local Rule 3.01(a) of the Middle District of Florida. Good cause exists for this motion

because the Commission needs more than 25 pages for its TRO Motion to adequately inform the Court of the law in support thereof, and the extensive facts giving rise to the need for emergency relief.

The Commission brings this emergency action to halt an ongoing, seven-year fraudulent, Ponzi-scheme involving more than a hundred investors throughout the United States. From at least May 2015 and continuing through present, Harbor City Capital Corp. ("Harbor City") and its founder and Chief Executive Officer, Jonathan P. Maroney, have raised at least $17.1 million through a series of unregistered fraudulent securities offerings in several entities formed and controlled by Harbor City and Maroney. The securities sold were in form of either promissory notes, funding agreements, or "high yield, secured bonds" (in the case of the HC SPEs), promising monthly returns ranging from 1% to 5% per month. The purported purpose of the offerings was to provide bridge funding for Harbor City's and the other Harbor City related companies' customer lead generation businesses.

The Commission needs more than 25 pages to show how the Defendants violated numerous provisions of the federal securities laws, including the anti-fraud provisions and unless enjoined will continue to do so. The TRO Motion and Memorandum is 43 pages and contains extensive citations with multiple exhibits, which include among other things, testimonial evidence, declarations, and marketing materials, in order to show the Court that extensive evidence supports and good cause exists for the emergency relief we are requesting in the TRO Motion.

In conclusion, good cause exists for the Commission to file its TRO Motion in excess of the 25-page limit set by Local Rule 3.01(a). A proposed order is submitted herewith.

Respectfully submitted,

April 19, 2021

By: _s/Alise Johnson_____
Alise Johnson, Esq.
Senior Trial Counsel
Fla. Bar No. 0003270
Direct Dial: (305) 982-6385
Email: johnsonali@sec.gov

Attorney for Plaintiff
**SECURITIES AND EXCHANGE COMMISSION**
801 Brickell Avenue, Suite 1950
Miami, Florida 33131
Telephone: (305) 982-6300
Facsimile: (305) 536-4154