UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

      **Plaintiff,**

v.

**HARBOR CITY CAPITAL CORP., HARBOR CITY VENTURES, LLC, HCCF-1 LLC, HCCF-2 LLC, HCCF-3 LLC, HCCF-4 LLC, HCCF-5 LLC, HARBOR CITY DIGITAL VENTURES, INC., HCC MEDIA FUNDING, LLC, AND JONATHAN P. MARONEY,**

      **Defendants.**
_____/

UN SEALED

Case No. 6:21-cv-694-CEM-DCI
UNDER SEAL

### TEMPORARY RESTRAINING ORDER

THIS CAUSE is before the Court on Plaintiff's Motion for Leave to File Under Seal ("Motion to Seal," Doc. S-2); Plaintiff's Motion for Leave to File Excess Pages ("Motion for Excess Pages," Doc. S-3); and Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order ("TRO"), Asset Freeze, and Other Injunctive Relief ("Motion for TRO," Doc. S-4). For the reasons set forth herein, the Motion to Seal, Motion for Excess Pages, and Motion for TRO will be granted.

This "emergency action" was filed by Plaintiff Securities and Exchange Commission, alleging that Defendants are involved in perpetrating "an ongoing, fraudulent Ponzi-scheme victimizing hundreds of investors across the United States." (Compl., Doc. S-1, at 1). Specifically, Plaintiff alleges that Defendants "have raised more than $17.1 million through a series of unregistered fraudulent securities offerings in several entities formed and controlled by" Defendants Jonathan P. Maroney and Harbor City Capital Corp. ("Harbor City Capital"). (*Id.* at 2).

Defendant Maroney is the President and sole Director of Harbor City Capital, a company incorporated in December 2014, (Harbor City Capital Corporate Filings, Doc. S-4, Ex. 2, at 7–10), and Defendant Harbor City Digital Ventures ("Harbor City Digital"), a company incorporated in August 2017, (Harbor City Digital Corporate Filings, Doc. S-4, Ex. 3, 5–8). Maroney is also the sole Manager of Defendant Harbor City Ventures LLC ("Harbor City Ventures"), formed in December 2014. (Harbor City Ventures Corporate Filings, Doc. S-4, Ex. 4, at 2–6). Finally, Maroney is the Organizer[1] of Defendants HCCF-1 LLC ("HCCF-1"), HCCF-2 LLC ("HCCF-2"), HCCF-3 LLC ("HCCF-3"), and HCCF-4 LLC ("HCCF-4"), formed on various dates between August 2018 and November 2019. (HCCF LLCs Corporate Filings,

---

[1] Maroney is listed as the sole Manager of HCCF-1, (Doc. S-4, Ex. 6, at 4), the sole Member of HCCF-2, (*id.* at 15), and the Organizer of HCCF-3 and HCCF-4, (*id.* at 16, 24).

Doc. S-4, Ex. 6, at 4–7, 15–16, 24). As to the remaining Defendants, Defendant HCC Media Funding LLC ("HCC Media") was organized by "MXG Holdings," (HCC Media Corporate Filings, Doc. S-4, Ex. 5, at 5), and HCC Media is the Organizer of HCCF-5 LLC ("HCCF-5"), (Doc. S-4, Ex. 6, at 32).

Plaintiff asserts seven counts against Defendants: Count I—Unregistered Sales of Securities in Violation of Sections 5(a) and 5(c) of the Securities Act; Count II—Fraud in Violation of Section 17(a)(1) of the Securities Act; Count III—Fraud in Violation of Section 17(a)(2) of the Securities Act; Count IV—Fraud in Violation of Section 17(a)(3) of the Securities Act; Count V—Fraud in Violation of Section 10(b) and Rule 10b-5(a) of the Exchange Act; Count VI Fraud in Violation of Section 10(b) and Rule 10b-5(b) of the Exchange Act; Count VII—Fraud in Violation of Section 10(b) and Rule 10b-5(c) of the Exchange Act. (Doc. S-1 at 19–24).

Plaintiff seeks an ex parte TRO against all Defendants, including an asset freeze, to enjoin Defendants' ongoing alleged violations of the Securities Act and the Exchange Act. (*See generally* Doc. S-4). Plaintiff also seeks to enjoin two non-parties, Celtic Enterprises LLC ("Celtic") and Tonya Maroney. (*Id.* at 7). Celtic Enterprises is an LLC owned by Maroney, (Celtic Corporate Filings and Bank Records, Doc. S-4, Ex. 1, at 53–65, 67–70), and Tonya Maroney is the spouse of Jonathan Maroney as well as the self-purported "Owner and Founder" of Harbor

City Capital. (Tonya Maroney LinkedIn Profile, Doc. S-4, Ex. 9, at 2–3). Based on Defendants' bank records, both Celtic and Tonya Maroney are alleged to have received ill-gotten gains from Defendants. (Strandell Decl., Doc. S-4, Ex. 1, at 6).

"[U]pon a proper showing," the SEC is entitled to "a permanent or temporary injunction or restraining order . . . without bond." 15 U.S.C. § 77t(b); 15 U.S.C. § 78u(d). A "proper showing," requires the SEC to "establish[] the following: (1) a prima facie case of previous violations of federal securities laws, and (2) a reasonable likelihood that the wrong will be repeated." *SEC v. Unique Fin. Concepts, Inc.*, 196 F.3d 1195, 1199 n.2 (11th Cir. 1999). "[T]he SEC appears in this matter not as an ordinary litigant, but as a statutory guardian charged with safeguarding the public interest in enforcing the securities laws. It therefore does not have to show irreparable injury or a balance of the equities in its favor." *S.E.C. v. Lauer*, 03-80612-CIV-JOHNSON, 2008 WL 4372896, at *24 (S.D. Fla. Sept. 24, 2008), *aff'd*, 478 F. App'x 550 (11th Cir. 2012) (internal citations omitted); *see also Smith v. S.E.C.*, 653 F.3d 121, 127 (2d Cir. 2011) (explaining that "injunctions sought by the SEC do not require a showing of irreparable harm or the unavailability of remedies at law" and citing *S.E.C. v. Unifund SAL*, 910 F.2d 1028, 1035–36 (2d Cir. 1990), which in turn relies on *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944)).

The Court, having considered the Complaint, the Motion for TRO, and all declarations and exhibits thereto, and having reviewed the relevant legal authorities,

finds that Plaintiff has demonstrated a proper showing to be entitled to a TRO against all Defendants. Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Leave to File Under Seal (Doc. S-2) is **GRANTED.**

2. Plaintiff's Motion for Leave to File Excess Pages (Doc. S-3) is **GRANTED.**

3. Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order, Asset Freeze, and Other Injunctive Relief (Doc. S-4) is **GRANTED.**

4. Plaintiff's Order Granting Emergency Ex Parte Motion for Temporary Restraining Order, Asset Freeze, and Other Injunctive Relief, attached as an exhibit to this Order, is **ADOPTED** and made a part of this Order.

5. **As soon as practicable, but no later than Friday, April 23, 2021,** Plaintiff shall serve this Order on Defendants and thereafter file proof of service.[2]

6. Plaintiff and Defendants shall appear on **Thursday, April 29, 2021, at 2:00 PM** in Courtroom 5B, George C. Young United States Courthouse Annex, 401 W. Central Boulevard, Orlando, Florida, before the

---

[2] For purposes of this Order, actual notice is sufficient; formal service is not required.

Honorable Carlos E. Mendoza.[3] The Court will hear argument and the parties may present evidence. **Defendants are on notice that failure to appear at the hearing may result in the imposition of a preliminary injunction without further notice.**

7. **This Order shall remain in effect for fourteen days unless dissolved or extended for good cause by this Court.**

8. The Clerk is directed to send this Order to Plaintiff via overnight mail.

**DONE** and **ORDERED** in Orlando, Florida on April 21, 2021.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

---

[3] The hearing will be limited to one hour.