UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CIVIL ACTION NO. 6:21-cv-694-CEM-DCI

SECURITIES AND EXCHANGE COMMISSION,

        **Plaintiff,**

**v.**

HARBOR CITY CAPITAL CORP.,
HARBOR CITY VENTURES LLC,
HCCF-1 LLC,
HCCF-2 LLC,
HCCF-3 LLC,
HCCF-4 LLC,
HCCF-5 LLC,
HARBOR CITY DIGITAL VENTURES INC.,
HCC MEDIA FUNDING LLC,
JONATHAN P. MARONEY,

        **Defendants,**

**and**

CELTIC ENTERPRISES LLC and
TONYA L. MARONEY,

        **Relief Defendants.**
_____/

**PLAINTIFF'S UNOPPOSED MOTION FOR APPOINTMENT
OF RECEIVER AND MEMORANDUM OF LAW**

      Plaintiff Securities and Exchange Commission moves this Court for an Order

appointing a Receiver over Defendants Harbor City Capital Corp., Harbor City Ventures

LLC, HCC-1 LLC, HCCF-2 LLC, HCCF-3, HCCF-4 LLC, HCCF-5 LLC, Harbor City

Digital Ventures Inc., HCC Media Funding LLC, (collectively the "Corporate

Defendants") and Relief Defendant Celtic Enterprises LLC ("Celtic"), in this action, with full and exclusive power, duty, and authority to: administer and manage the business affairs, funds, assets, causes of action and any other property of the Corporate Defendants and Relief Defendant Celtic; marshal and safeguard all of the assets of these parties; and take whatever actions are necessary for the protection of investors.  The grounds for this motion are fully set forth in the memorandum of law below.  As additional support for this motion, the Commission incorporates the factual discussion in its Emergency Motion and Memorandum of Law in Support of Temporary Restraining Order, Asset Freeze, and Other Injunctive Relief ("TRO Motion") (D.E. 4).

In connection with this request to appoint a Receiver, the Commission's staff solicited expressions of interest from potential receivers it believes are well-qualified to handle this matter.  The Commission attaches the credentials of the top three candidates as Exhibits 1 through 3 to this motion.

After considering each of these candidates, the Commission's staff believes the interests of investors would best be served by appointing Katherine Donlon, Esq. to serve as Receiver.  Ms. Donlon, whose credentials are attached as Exhibit 1, is a partner in the law firm of Johnson, Cassidy, Newlon & Decort PA, a Tampa firm specializing in business and complex commercial litigation.  Ms. Donlon has a 26-year professional history as a lawyer, with specialties in securities and business law, and has previously served as counsel to a Receiver in similar matters.  Most recently, she served as lead counsel to the Receiver in *SEC v. Brian Davison, et al*, Case No. 8:20-cv-325-T-35AEP, a $170 Million Ponzi scheme with issues similar to those presented in the instant case.  Because of the size and

scope of the Harbor City Receivership, which will involve marshalling the remaining assets of the defendant, litigation against third parties and determining a long-term exit strategy for the Funds, among other tasks, a Receiver is required.

Moreover, Ms. Donlon is willing to significantly discount her and her firm's current hourly rates. She is willing to discount her normal hourly rate from $425 an hour to a capped rate of $350 an hour. Additionally, the firm's partners normally charge from $250 to $475 per hour, but she will reduce and cap those rates at $350 an hour. She will also cap the firm's associates' rates at $240 per hour. Not only will these considerable rate reductions substantially reduce the costs of the Receivership to defrauded investors, they are lower rates than the other candidates offered.

For these reasons, the Commission recommends that the Court appoint Katherine Donlon as the Receiver over the Corporate Defendants and Relief Defendant Celtic. As discussed above, the SEC sought expressions of interest to serve as Receiver from two additional candidates, both of whom are well-qualified and prepared to serve. Both, along with their respective firms, have also agreed to significantly discount their fees. If the Court does not agree with the Commission's recommendation, the Commission respectfully requests that the Court appoint either of these candidates. Their credentials are attached as Exhibits 2 and 3, respectively.

<u>**MEMORANDUM OF LAW**</u>

The Court should appoint a Receiver over the Corporate Defendants and Relief Defendant Celtic with full and exclusive power, duty, and authority to: administer and manage their business affairs, funds, assets, causes of action and any other property of the

Corporate Defendants and Relief Defendants; marshal and safeguard all of the assets of the Corporate Defendants and Relief Defendants; and take whatever actions are necessary for the protection of the investors.

The appointment of a Receiver is a well-established equitable remedy available to the Commission in civil enforcement proceedings for injunctive relief.  *See, e.g.*, *SEC v. First Financial Group of Texas*, 645 F.2d 429, 438 (5th Cir. 1981); *see also* Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a), and Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa.

The appointment of a Receiver is particularly appropriate in cases such as this where a corporation, through its management, has defrauded members of the investing public. *First Financial Group of Texas*, 645 F.2d at 438.  In such cases, without the appointment of a Receiver to maintain the status quo, the corporate assets will be subject to diversion and waste to the detriment of those who were induced to invest in the fraudulent scheme.  *Id.; See also SEC v. R.J. Allen & Associates, Inc.*, 386 F. Supp. 866, 891 (S.D. Fla. 1974).  A Receiver is appropriate to protect the public interest when it is obvious that those in control of an entity who have inflicted serious detriment in the past must be ousted.  *SEC v. Bowler*, 427 F.2d 190, 198 (4th Cir. 1970).

Here, as discussed in more detail on the TRO Motion and the Complaint, the Defendants in this action have misappropriated and misused millions of dollars belonging to investors.  At this juncture, the Corporate Defendants and Relief Defendant Celtic need a Court-appointed Receiver to act in their best interests and to maximize value for defrauded investors.

## CONCLUSION

For the foregoing reasons, the Commission requests that the Court grant its request for the appointment of Katherine Donlon, Esq., as Receiver over the Corporate Defendants and Relief Defendant Celtic.

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g) undersigned counsel for the Commission have conferred with counsel for Defendant Jonathan Maroney who does not oppose the relief requested in this motion.

                              Respectfully submitted,

June 16, 2021              By:    s/Alise Johnson
                                  Alise Johnson, Esq.
                                  Senior Trial Counsel
                                  Fla. Bar No. 0003270
                                  Direct Dial: (305) 982-6385
                                  Email: johnsonali@sec.gov

                                  Attorney for Plaintiff
                                  **SECURITIES AND EXCHANGE
                                  COMMISSION**
                                  801 Brickell Avenue, Suite 1950
                                  Miami, Florida 33131
                                  Telephone: (305) 982-6300
                                  Facsimile: (305) 536-4154

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 16, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

**SERVICE LIST**

Mark M. O'Mara, Esq.
O'MARA LAW GROUP
221 NE Ivanhoe Boulevard, Suite 200
Orlando, Florida 32804
Email: Mark@omaralawgroup.com

s/ Alise Johnson
Alise Johnson, Esq.