## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.                                        Case No: 6:21-cv-694-CEM-DCI

HARBOR CITY CAPITAL CORP.,
HARBOR CITY VENTURES, LLC,
HCCF-1 LLC, HCCF-2 LLC, HCCF-3
LLC, HCCF-4 LLC, HCCF-5 LLC,
HARBOR CITY DIGITAL VENTURES,
INC., HCC MEDIA FUNDING, LLC,
JONATHAN P. MARONEY, CELTIC
ENTERPRISES, LLC and TONYA L.
MARONEY,

                Defendants.

---

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Unopposed Motion to Appoint Receiver (Doc. No. 60)** |
| **FILED:** | **June 16, 2021** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

### I.      Background

Securities and Exchange Commission (SEC or Plaintiff) initiated this case alleging Defendants are involved in perpetrating an ongoing fraudulent Ponzi-scheme victimizing hundreds of investors across the United States.  Doc. 1.  Plaintiffs allege that Defendant Harbor City Capital

Corp. (Harbor City) and its founder and CEO, Defendant Jonathan P. Maroney, raised more than $17.1 million through a series of unregistered fraudulent securities offerings in several entities formed and controlled by Defendants Harbor City and Maroney. *Id*.

By Order dated May 19, 2021, the Court granted Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order Asset Freeze, and Other Injunctive Relief in so far as it sought a preliminary injunction and converted the Temporary Restraining Order previously entered to a preliminary injunction. Doc. 56. That order provided that the Plaintiff made a sufficient and proper showing by presenting a *prima facie* case of securities laws violations and a reasonable likelihood Defendants will harm the investing public by continuing to violate federal securities laws unless they are immediately restrained. Doc. 6, 6-1. The Court also found that good cause to believe that unless Defendants and the Relief Defendants were immediately restrained and enjoined, they will dissipate, conceal or transfer from the jurisdiction of this Court assets which could be subject to an order of disgorgement. *Id*.

Clerk's Entries of Default were subsequently entered against the Corporate Defendants and Relief Defendant Celtic, but the undersigned granted an extension of time for Plaintiff to move for default judgment against these entities no later than 14 days after the claims against Defendant Maroney have been resolved. Docs. 49-55, 61.

Pending before the Court is Plaintiff's Motion for Appointment of Receiver (the Motion). Doc. 60. Plaintiff moves for an order appointing a receiver over Defendants Harbor City Capital Corp., Harbor City Ventures LLC, HCC-1 LLC, HCCF-2, HCCF-3, HCCF-4 LLC, HCCF-5 LLC, Harbor City Digital Ventures, Inc., HCC Media Funding LLC (the Corporate Defendants) and Relief Defendant Celtic Enterprises LLC (Celtic). *Id*. Plaintiff states that "[b]ecause of the size and scope of the Harbor City Receivership, which will involve marshalling the remaining assets

of the defendant, litigation against third parties and determining a long-term exist strategy for the Funds, among other tasks, a receiver is required." *Id.*

Plaintiff has attached the credentials of three candidates to the Motion and believes that it would be in the best interest of the investors if Katherine Donlon, Esq. serves as the receiver. *Id.* Plaintiff states that Ms. Donlon is willing to significantly discount her and her firm's current hourly rate. *Id.* Her rate would be discounted from $425 to a capped rate of $350 an hour, and the firm's partners' rates would be reduced to a capped $350 an hour. *Id.* The firm's associates' rates will be capped at $240 an hour. *Id.* As such, Plaintiff requests that the Court appoint Ms. Donlon as receiver over the Corporate Defendants and Relief Defendant Celtic. *Id.*[1]

The Motion states that it is unopposed (Doc. 60) and the time for filing a response has elapsed.

**II.     Discussion**

In civil cases brought by the SEC for injunctive relief, the statutory authority for the court's appointment of a receiver stems from the general bestowal of equity powers on the district courts. *See, e.g.*, *SEC v. First Fin. Group of Tex.*, 645 F.2d 429, 438 (5th Cir. Unit A 1981) (citing Section 22(a) of the Securities Act of 1933, 15 U.S.C. § 77v(a); and Section 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa).

"A district court's appointment of a receiver . . . 'is an extraordinary equitable remedy.' And equity intervenes only when there is non remedy at law or the remedy is inadequate." *United States v. Bradley*, 644 F.3d 1213, 1310 (11th Cir. 2011) (quoting Moore's Federal Practice § 66.04[2][a] (3d. ed. 2010). "Appointment of a receiver is a matter of discretion for the district

---

[1] Plaintiff alternatively seeks that the Court appoint one of the other two candidates if Ms. Donlon is not appointed.  Doc. 60 at 3.

court." *Bank of Hope v. Dayk Enters.*, 2020 U.S. Dist. LEXIS 229288, at * (N.D. Ala. Dec. 4, 2020) (citing *Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev.* Corp, 153 F.3d 1289, 1292 (11th Cir. 1998)).

Here, the undersigned recommends that the Plaintiff has made a sufficient showing supported by evidence demonstrating a *prima facie* case that Corporate Defendants and Relief Defendant violated federal securities laws.  The Court has found with respect to the TRO and Preliminary Injunction that a proper showing exists and there is a reasonable likelihood Defendants will harm the investing public with the continued violation of these laws.  Further, Clerk's Entries of Default have been entered against the Corporate Defendants and Relief Defendant Celtic.  As Plaintiff contends, without opposition, the undersigned recommends that it is in the best interests of investors to appoint a receiver at this juncture.

Further, Plaintiff has submitted the credentials of candidates and the undersigned recommends that it is within the best interests of the investors if Katherine Donlon, Esq. is appointed to serve as receiver.  The undersigned finds that the proposed receiver is well qualified and experienced, and Defendants do not dispute this contention.

### III.    Conclusion

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion (Doc. 60) be **GRANTED** to the extent that Ms. Donlon be appointed as receiver.  However, the SEC provided neither a proposed order as an attachment to the Motion, nor set forth in the Motion what powers the Court should vest in the receiver.  If the Court agrees to appoint Ms. Donlon, the undersigned also recommends directing the SEC to file a proposed order delineating the receiver's responsibilities and powers, and that Ms. Donlon not be authorized to act as receiver until the Court enters an order concerning the scope of her powers as receiver.

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 21, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy