UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,

v.                                                     Case No: 6:21-cv-694-CEM-DCI

HARBOR CITY CAPITAL CORP.,
HARBOR CITY VENTURES, LLC,
HCCF-1 LLC, HCCF-2 LLC, HCCF-3
LLC, HCCF-4 LLC, HCCF-5 LLC,
HARBOR CITY DIGITAL VENTURES,
INC., HCC MEDIA FUNDING, LLC,
JONATHAN P. MARONEY, CELTIC
ENTERPRISES, LLC and TONYA L.
MARONEY,

                Defendants.
_____

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Benworth Capital Partners, LLC's Objection and Motion to Quash or in the Alternative for Protective Order to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Doc. 78) |
| **FILED:** | December 7, 2021 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED in part**. | |

In this action for injunctive and other relief brought by the Securities and Exchange Commission (SEC) against several related entities and an individual, the SEC served a subpoena

duces tecum upon a third party, Benworth Capital Partners, LLC. On December 7, 2021, Benworth filed a motion to quash that subpoena or, in the alternative, for a protective order. Doc. 78 (the Motion).

While the Motion is almost fatally concise, Benworth does explicitly seek an order quashing the SEC's subpoena pursuant to Federal Rule of Civil Procedure 45(c) because—according to the Motion—the subpoena requires Benworth (located in Miami-Dade County, Florida) to produce the documents "approximately 282 miles" away in Tampa, Florida. Doc.78 at 2. And the SEC failed to respond to the Motion within the time provided by the Local Rules, so the Court deems the Motion unopposed. *See* Local Rule 3.01(c) (providing 14 days to respond to a motion and warning that, "If a party fails to timely respond, the motion is subject to treatment as unopposed.").

So, taking the Motion as unopposed, the Court finds that the subpoena is due to be quashed as violative of Rule 45(c). While the Court has the discretion to modify the subpoena under Rule 45(d)(1) rather than quash it, the SEC has not requested this and the record before the Court—scant as it is—does not support such a modification. To the extent that the Motion requests any other relief, it is denied because the Motion does not contain a memorandum of legal authority supporting any other relief, in violation of Local Rule 3.01(a).

Accordingly, the Motion (Doc. 78) is **GRANTED in part** to the extent that the SEC's subpoena served upon Benworth on November 24, 2021, is **QUASHED**, and the Motion is **DENIED in all other respects**.

**ORDERED** in Orlando, Florida on December 22, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE