# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**SECURITIES AND EXCHANGE COMMISSION,**

        **Plaintiff,**

v.                                                  Case No: 6:21-cv-694-CEM-DCI

**HARBOR CITY CAPITAL CORP.,
HARBOR CITY VENTURES, LLC,
HCCF-1 LLC, HCCF-2 LLC, HCCF-3
LLC, HCCF-4 LLC, HCCF-5 LLC,
HARBOR CITY DIGITAL VENTURES,
INC., HCC MEDIA FUNDING, LLC,
JONATHAN P. MARONEY, CELTIC
ENTERPRISES, LLC and TONYA L.
MARONEY,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Motion for Attorney Fees (Doc. 89)
>
> **FILED:** May 20, 2022
>
> **THEREON** it is **Recommended** that the motion be **GRANTED in part**.

### I.   Background

Katherine Donlon, Esq. (the Receiver) has been appointed as receiver in this matter. Doc. 68. The scope of her powers was laid out by separate order. Doc. 72-1; *accord* Doc. 75. That

order stated that Receiver was "given authority to retain Nicole D. Newlon of Johnson, Cassidy, Newlon & DeCort, as counsel." Doc. 72-1 ¶ 2; *accord* Doc. 75. That order also provided that:

> 54. Subject to Paragraph 55 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist Receiver in carrying out the duties and responsibilities described in this Order. Except for counsel retained by the Receiver pursuant to Paragraph 2 of this Order, the Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.
>
> 55. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

Doc. 72-1 ¶¶ 54, 55; *accord* Doc. 75.

To receive these fees, the order provided that:

> 56. Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the Commission a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by Commission staff.

Doc. 72-1 ¶ 56; *accord* Doc. 75. Accordingly, Receiver filed her Second Quarterly Fee Application, which is unopposed.[1] Doc. 89 (the Motion).

## II. Standard

Courts are required to utilize the lodestar approach to determine reasonable compensation. *SEC v. Aquacell Batteries, Inc.*, No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008). The lodestar figure is reached by "multiply[ing] the number of hours reasonably

---

[1] The undersigned notes that the Securities and Exchange Commission's lack of objection is a factor in the analysis. *See S.E.C. v. Kirkland*, 2011 WL 5985025, at *1 (M.D. Fla. Nov. 4, 2011) ("[T]he Court will consider the SEC's lack of objection as simply one factor in the analysis.").

expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); *see also Jackson v. Grupo Indus. Hotelero, S.A.*, No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "If evidence is inadequate, a court in its discretion may reduce an award, make the award on its own experience without further filings or an evidentiary hearing, or exclude unsupported requests." *Proescher v. Sec. Collection Agency*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3432737, at *10-11 (M.D. Fla. June 8, 2018), *report and recommendation adopted sub nom.*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3428157 (M.D. Fla. July 16, 2018) (internal citations and quotations omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotations and citation omitted); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2]

---

[2] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. The Eleventh Circuit has subsequently explained that "district courts may, but are not required to, consider [the *Johnson*] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

### III. Discussion

#### A. Receiver's Fee

Receiver requests $15,680.00 in fees, based on 44.8 hours expended at an hourly rate of $350.00. Doc. 89. Receiver expended 8.9 hours in the Asset Analysis and Recovery category, 25 hours in the Asset Disposition category, and 10.9 hours in the Case Administration category.[3]

Based on the events detailed in the Motion, Doc. 89 at 2–3, and the itemized timesheet attached to the Motion, Doc. 89-2, the undersigned finds that the hours expended by Receiver from January 1, 2022 through March 31, 2022 are reasonable.

As in the prior report, Doc. 86, which was adopted by the Court, Doc. 92, the undersigned finds that Receiver's requested hourly rate of $350.00 is reasonable. Upon consideration of all factors, the undersigned respectfully recommends that the Court grant Receiver's request to be paid $15,680.00 in fees.

#### B. Receiver's Costs

In addition to fees, Receiver requests that the Court allow Receiver to be paid $423.90 for costs incurred. These costs are $198.90 for travel costs and $225.00 for website costs. Doc. 89 at 7. Upon review of the attached invoices with itemized expenses, Doc. 89-2 at 3, the undersigned finds that the travel costs are justified. However, as to the website costs, that expense is not reflected in Receiver's attached invoices; rather, website costs are reflected in the invoices from JCND. Doc. 89-3. Notably, in her request for JCND's costs Receiver also requests $225.00 for website costs—the same amount as in her personal request. Doc. 89 at 10. Thus, Receiver appears to request the same website costs twice, for both Receiver and JCND. It appears that this was a

---

[3] It appears that the Commission provided Receiver with billing instructions; those billing instruction apparently direct Receiver to allocate time billed for each project to a specific "Activity Category." See Doc. 89 at 6 n.2.

minor oversight; as the website costs are reflected in JCND's invoices, and not Receiver's, the undersigned finds that JCND should be paid these costs, not Receiver. That being said, the undersigned respectfully recommends that Receiver be paid $198.90 for her travel costs.

### C. Receiver's Personnel's Fee

To assist her in her duties, Receiver hired counsel, Nicole D. Newlon (Counsel Newlon) of the law firm Johnson, Cassidy, Newlon & DeCort P.A. (JCND), along with JCND support staff.

Receiver requests that the Court allow her to pay JCND for professional services rendered from January 1, 2022 through March 31, 2022. Receiver requests to pay JCND $7,035.00 for Counsel Newlon's services. Counsel Newlon expended 20.1 hours at an hourly rate of $350.00: 13.8 hours in the Asset Analysis and Recovery category; 5.4 hours in the Asset Disposition category; and 0.9 hours in the Case Administration category. Doc. 89-3. As in the prior report, Doc. 86, which was adopted by the Court, Doc. 92, the undersigned finds that Counsel Newlon's requested hourly rate of $350.00 is reasonable. Upon reviewing the events detailed in the Motion, Doc. 89 at 2–3, and the itemized timesheet attached to the Motion, Doc. 89-3, the undersigned finds that the hours expended by Counsel Newlon from January 1, 2022 through March 31, 2022 are reasonable.

Receiver also requests to pay $930.00 for two of JCND's paralegals' services. The paralegals expended a total of 6.2 hours at an hourly rate of $150.00: 3.6 hours in the Asset Analysis and Recovery category; 0.6 hours in the Asset Disposition category; and 2.0 hours in the Case Administration category. Doc. 89-3. As in the prior report, Doc. 86, which was adopted by the Court, Doc. 92, the undersigned finds that the JCND paralegals' requested hourly rate of $150.00 is reasonable. Upon reviewing the events detailed in the Motion, Doc. 89 at 2–3, and the

itemized timesheet attached to the Motion, Doc. 89-3, the undersigned finds that the hours expended by JCND's paralegals from January 1, 2022 through March 31, 2022 are reasonable.

Accordingly, the undersigned respectfully recommends that the Court allow Receiver to pay JCND $7.035.00 for Counsel Newlon's services in this case and $930.00 for JCND's paralegals' services. In total, the undersigned recommends that the Court allow Receiver to pay JCND $7,965.00 for professional services rendered.

### D. Receiver's Personnel's Costs

In addition to fees, Receiver requests that the Court allow her to pay JCND $3,320.18 for expenses incurred. Doc. 89 at 9. Upon review of the attached invoices with itemized expenses, Doc. 89-3 at 2, 8–9, these expenses appear to be justified. Further, the undersigned notes that most of the expenses are related to readying a recently-acquired real property asset for sale. Doc. 89 at 2–3, 10. Thus, the undersigned respectfully recommends that the Court allow Receiver to pay JCND $3,320.18 for expenses.

### IV. Conclusion

Accordingly, for the foregoing reasons, it is respectfully **Recommended** that the Motion (Doc. 89) be **GRANTED in part**, such that:

1) Receiver be paid $15,680.00 in fees;

2) Receiver be paid $198.90 for expenses;

3) Receiver be permitted to pay JCND $7,965.00 for fees; and

4) Receiver be permitted to pay JCND $3,320.18 for expenses.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension

of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on August 1, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy