UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CIVIL ACTION NO. 6:21-cv-694-CEM-DCI

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,

v.

HARBOR CITY CAPITAL CORP.,
HARBOR CITY VENTURES, LLC,
HCCF-1 LLC,
HCCF-2 LLC,
HCCF-3 LLC,
HCCF-4 LLC,
HCCF-5 LLC,
HARBOR CITY DIGITAL VENTURES, INC.,
HCC MEDIA FUNDING, LLC,
JONATHAN P. MARONEY,

        Defendants,
and

CELTIC ENTERPRISES, LLC and
TONYA L. MARONEY,

        Relief Defendants.
_____/

**DEFENDANT JONATHAN MARONEY'S UNOPPOSED MOTION FOR STAY**

        Defendant Jonathan Maroney, *pro se*, hereby respectfully request that the Court stay all Court deadlines until the end of parallel criminal proceedings involving Maroney. Defendant Jonathan Maroney, who is proceeding *pro se* in this action, is currently the target in a related criminal investigation and has had a Federal Public Defender appointed to defend him in the criminal proceedings. Given that Mr.

Maroney does not have counsel in this civil proceeding, he requests that this action be stayed until the criminal proceedings are concluded.

Both this civil case and the criminal investigation involve Defendant Maroney, and involve the same conduct and events. A stay is needed to allow Defendant Maroney to preserve certain rights and to keep the parties from impermissible taking advantage of the civil discovery process to circumvent the limitations on criminal discovery that protect the integrity of criminal prosecutions.

As to whether the requested stay should be granted, the courts of this Circuit look to whether "special circumstances" exist, such that a stay is required in the "interests of justice." *United States v. Lot 5, Fox Grove, Alachua Cnty., Fla.*, 23 F.3d 359, 364 (11th Cir. 1994); *see also United States v. Pinnacle Quest Int'l*, No. 3:08-cv-136, 2008 WL 4274498, at *1 (N.D. Fla. Sept. 11, 2008) ("[I]f there is a 'civil enforcement action that proceeds in parallel with a related criminal proceeding, it is often appropriate to stay the civil action pending resolution of the criminal proceedings.'" (*quoting SEC v. Tandem Mgmt.*, No. 95 CIV. 8411, 2001 WL 1488218, at *4 (S.D.N.Y. Nov. 21, 2001.

Here, the requested stay eliminates the need for Defendant Maroney to choose between (i) invoking his Fifth Amendment privilege in this civil case, which could be used against him in the civil litigation and (ii) testifying (whether at deposition or otherwise) in the civil case, which statements could be used against him in the criminal case. *See, e.g., Chagolla v. City of Chi.*, 529 F. Supp. 2d 941, 947 (N.D. Ill. 2008) ("A civil defendant in this situation who is effectively backed into a corner in

which he has no viable choice but to claim the privilege is forced to face a significant risk of unfair prejudice that may be virtually impossible to remedy."); *Bridgeport Harbor Place I, LLC v. Ganim,* 269 F. Supp. 2d 6, 9 (D. Conn. 2002) (describing a "Hobson's Choice" facing defendants).

In addition, the SEC does not oppose the stay as such stay would benefit this Court and all parties by minimizing redundant litigation and narrowing the issues to be adjudicated in this case. *See, e.g., Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568 (1951) ("It is well established that a prior criminal conviction may work an estoppel in favor of the Government in a subsequent civil proceeding."); *In re Worldcom, Inc. Sec. Litig.,* No. 02 Civ. 3288, 2002 WL 31729501, at *8 (S.D.N.Y. Dec. 5, 2002) ("The conviction of a civil defendant as a result of the entry of a plea or following a trial can contribute significantly to the narrowing of issues in dispute in the overlapping civil cases and promote settlement of civil litigation.")

WHEREFORE, for all of the foregoing reasons, Defendant Maroney request a stay of all Court deadlines in this matter until the conclusion of criminal proceedings against Maroney (with the exception of the Receiver's work which should proceed as scheduled).

The undersigned has conferred with counsel for the SEC and is authorized to represent that the SEC does not opposed the motion.

Dated Oct. 21, 2022

Respectfully submitted,

s/ *Jonathan P. Maroney* pro se Defendant