UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

    Plaintiff,

v.                                                 Case No: 6:21-cv-694-CEM-DCI

HARBOR CITY CAPITAL CORP.,
HARBOR CITY VENTURES, LLC,
HCCF-1, LLC,
HCCF-2, LLC,
HCCF-3, LLC,
HCCF-4, LLC,
HCCF-5, LLC,
HARBOR CITY DIGITAL VENTURES, INC.,
HCC MEDIA FUNDING, LLC,
JONATHAN P. MARONEY,

    Defendants,

and

CELTIC ENTERPRISES, LLC and
TONYA L. MARONEY

    Relief Defendants.

_____/

## THE RECEIVER'S FOURTH QUARTERLY STATUS REPORT

Receivership Information and Activity from July 1, 2022

through September 30, 2022

# **TABLE OF CONTENTS**

**INTRODUCTION** ................................................................................... 3

**ACTIONS TAKEN BY THE RECEIVER** ..................................................... 4

    1.    **Securing the Receivership Estate** ........................................ 4

        A.    **Fund Accounting** ........................................................ 4

            1.   **Accounts at Wells Fargo Bank, N.A.** ................... 5
            2.   **Accounts at JPMorgan Chase, N.A.** ..................... 5
            3.   **Accounts at Bank of America** ............................. 6
            4.   **Accounts at Wells Fargo** ...................................... 8

        B.    **Securing Real Property** .............................................. 8

        C.    **Identification of Personal Property** ....................... 11

        D.    **Securing the Receivership Entities' Books and Records** ....................................................................................... 11

    2.    **Pending and Contemplated Litigation** ........................... 11

        A.    **Pending Litigation** ....................................................... 11

        B.    **Contemplated Litigation** .......................................... 12

    3.    **Communications with Investors.** ..................................... 12

    4.    **The Next Ninety Days** .......................................................... 12

**CONCLUSION** ..................................................................................... 13

## INTRODUCTION

Katherine C. Donlon, the Court-appointed Receiver over the assets of the above-captioned corporate defendants and relief defendants (the "**Receiver**" and the "**Receivership**" or "**Receivership Estate**"), files this Fourth Quarterly Status Report to inform the Court, investors, creditors, and others interested in this Receivership of activities to date as well as the Receiver's proposed course of action. For a complete report of the Receiver's activities to date, the Receiver refers the reader to her previous reports. [Docs. 81, 85, 101] These reports can also be found on the Receiver's informational website, www.harborcityreceivership.com. The Receiver will continue to update the website regarding the Receiver's most significant actions, important Court filings, and other items that might be of interest to the public. This Fourth Quarterly Status Report, as well as all subsequent reports, will be posted on the Receiver's website.

### Overview of Significant Activities During this Reporting Period

During the time covered by this Fourth Quarterly Status Report, the Receiver and her professionals engaged in the following significant activities:

- Entered into contract for the sale of 143 Lansing Island Drive;

- Continued efforts to remediate 143 Lansing Island Drive in order to meet issues raised in the inspection report;

- Continued efforts to obtain and analyze relevant documents from Wells Fargo, Bank of America, and Chase;

- Subpoenaed third-parties for documents related to monies paid out by Harbor City;

- Took the deposition of Paul Donion;

- Interviewed Betsy Cook;

- Continued investigations into Nations Best container business, which received monies from Harbor City;

- Monitored efforts by plaintiffs in foreclosure action;

- Continued to field telephone calls and emails from investors and maintained the Receiver's website www.harborcityreceivership.com.

The above activities are discussed in more detail in the pertinent sections of this Fourth Quarterly Status Report.

## ACTIONS TAKEN BY THE RECEIVER

Since inception, the Receiver has taken a number of steps to fulfill her mandates under the Order Appointing Receiver.

**1. Securing the Receivership Estate**

    **A.  Fund Accounting**

Attached as Exhibit 1 is the Fund Accounting for the quarter ending September 30, 2022. This cash accounting report does not reflect non-cash or cash-equivalent assets. Thus, the value of any property discussed below

4

is not included in the accounting report. From July 1, 2022 through September 30, 2022, the Receiver had $25,108.21 in disbursements to Receiver and Other Professionals. The ending fund balance is $87,283.76.

### 1. Accounts at Wells Fargo Bank, N.A.

Based on information received from the SEC and Mr. Maroney, the Receiver identified three accounts at Wells Fargo Bank, N.A. ("**Wells Fargo**") that were associated with the Defendants and Relief Defendant.

| Account No. | Account Title | Balance |
|---|---|---|
| XXXXXX 2879 | Harbor City Capital Corp. | $123,627.99 |
| XXXXXX 4389 | Harbor City Capital Corp. | $9,673.38 |
| XXXXXX 6246 | Celtic Enterprises LLC | $20,816.15 |

These funds were transferred in January 2022 to a bank account at ServisFirst Bank controlled by the Receiver. The only withdrawal in this past quarter was for $25,108.21 for payment of Receiver's First Quarterly Fee Application approved by the Court in July (Doc. 92).

### 2. Accounts at JPMorgan Chase, N.A.

The Receiver's team is working to update information the SEC received regarding accounts at JPMorgan Chase, N.A. ("**Chase**") that are or were associated with the Defendants and Relief Defendant.

| Account No. | Account Title |
|---|---|
| XXXXX1795 | Harbor City Ventures LLC |
| XXXXX9023 | Harbor City Digital Ventures, Inc. |
| XXXXX7215 | Harbor City Capital Corp. |
| XXXXX1213 | Tonya L. Maroney |
| XXXXX2091 | HCCF-1, LLC |

A substantial portion of the monies deposited into the Harbor City Ventures account, XXXXX9023, was wired to other accounts, including accounts belonging to Harbor City at Wells Fargo Bank. The account for Harbor City Ventures, XXXXX7215, as with other accounts at Bank of America, seemed to fund many personal and business-related expenses, including purchases for food, Google, Apple, Bright House, and other such entities. Ms. Maroney's account, XXXXX1213, similarly funded routine, ordinary expenses, including Publix, Pet Supermarket, and Amazon. The HCCF-1 account did not appear to have substantial activity, either in the form of deposits or withdrawals.

3.   **Accounts at Bank of America**

Receivership Entities held a number of accounts at Bank of America. The Receiver is continuing to investigate these accounts.

| Account No. | Account Title |
|---|---|
| XXXXX1421 | HCCF-1 LLC |

| | |
|---|---|
| XXXXX3649 | HCCF-3 LLC |
| XXXXX3702 | Celtic Enterprises, LLC |
| XXXXX3921 | Jonathan Maroney |
| XXXXX4089 | KH & JP, Corp. |
| XXXXX4976 | HCCF-2 LLC |
| XXXXX5113 | HCCF-4 LLC |
| XXXXX6094 | Virtual CFO, LLC |
| XXXXX6256 | KH & JP, Corp. |
| XXXXX6273 | Harbor City Capital Partners LLC |
| XXXXX6468 | MXG Holdings, LLC |
| XXXXX6748 | HCCF-4 LLC |
| XXXXX6751 | MXG Holdings, LLC |
| XXXXX6764 | HC Associates Inc. |
| XXXXX6777 | Harbor City Capital Partners LLC |
| XXXXX6780 | Celtic Enterprises, LLC |
| XXXXX6793 | HC Associates Inc. |
| XXXXX6832 | HCCF-2 LLC |
| XXXXX6874 | HCCF-1 LLC |
| XXXXX6887 | HCCF-3 LLC |
| XXXXX6890 | Stashly Inc. |
| XXXXX7506 | HC Associates Inc. |
| XXXXX7985 | Stashly Inc. |

For the vast majority of these accounts, there was nominal activity and balances. Many of these accounts maintained a $0.00 balance. Others, including the Celtic Enterprise account (XXXXX6780), regularly wired monies to other accounts, including the Chase bank accounts. Both the Celtic account and the HC Associates account (XXXXX6793) seemed to function as an operating account, to be used for office expenses.

### 4.     Accounts at Wells Fargo

Receivership Entities held a number of accounts at Wells Fargo. Some of these accounts had little to no activity, while other accounts routinely wired funds to other accounts belonging to the Receivership entities at Chase

| Account No. | Account Title |
|---|---|
| XXXXX2879 | Harbor City Capital Corp. |
| XXXXX4389 | Harbor City Capital Corp. |
| XXXXX4405 | HCCF-2 LLC |
| XXXXX6246 | Celtic Enterprises, LLC |

### B.     Securing Real Property

Jonathan and Tonya Maroney and their family resided at 143 Lansing Island Drive, Satellite Beach, Florida ("Lansing Island Property"). This residence was purchased by Relief Defendant Celtic Enterprises in June 2018 for $2,590,000. This is the largest asset of the Receivership.

In March 2021, just a month before the SEC filed its action, Celtic executed a promissory note in the amount of $1,800,000 against the Lansing Island property. The initial note was held by Benworth Capital but was subsequently sold to a number of private investors.

Those investors filed a foreclosure action related to the note in a state court action in Brevard County – *Mira Holdings LLC, et al. v. Celtic Enterprises, LLC, et al.*, Case No. 05-2021-CA-052113 ("Foreclosure Case"). Upon being appointed as Receiver, undersigned contacted the attorneys for the Plaintiffs in that action requesting a stay of the foreclosure proceeding pending the resolution of the Receivership. Undersigned further informed the attorneys for Plaintiffs in the foreclosure proceeding that if the property was sold, the mortgage would be paid in full. Nonetheless, counsel for the Plaintiffs refused to stay the proceeding, which necessitated a hearing before the state court judge.

Thereafter, the Plaintiffs filed a motion for reconsideration of the order staying the foreclosure proceeding and have sought a writ of certiorari in the appellate court. Further, there are numerous attorneys representing the Plaintiffs. The plaintiffs in that case are seeking recovery of $1,800,000, plus unpaid and accrued interest, default interest at 25% per annum, plus applicable late fees, charges and other fees, costs and attorneys' fees. The payoff received from the mortgage holder includes: $671,919.60 in accrued interest from May 1, 2021 to present; $25,650.00 in attorneys' fees to Albert D. Rey, P.A.; $3,851.00 in attorneys' fees to Becker & Poliakoff; $6,759.00 in attorney's fees to Cole, Scott & Kissane; $15,797.01 in attorneys' fees to

Chris at the Carlyle Appellate Law Firm; and $3,240.00 in attorneys' fees to Emmanuel Perez. The total the mortgage holder has claimed, including principal balance, accrued interest, and attorney's fees, as well as other costs and expenses, is $2,509,769.45.

### **Efforts to Market and Sell the House**

The Lansing Island Property was in a state of disrepair and had not been well maintained. As mentioned in the last Quarterly Report, the Receiver entered into an agreement to sell the property for $2,950,000 subject to certain repairs being made. The Receiver has continued her efforts to meet those obligations in order to close on this existing contract for sale. Additionally, the Receivership has had to continue to make payments for power, water, landscaping, and pool maintenance.

On October 7, 2022, the Receiver filed a motion with the Court to approve the sale. (Doc. 111). The Receiver published the required notice and received no bona fide offers. On October 25, 2022, the Court granted the Receiver's motion to approve the sale. (Doc. 118) The Receiver, her real estate broker, and her counsel are working to schedule the closing on the property, but remain concerned as to the substantial sums being sought in attorneys' fees and interest vis-à-vis Celtic Enterprise's mortgage with Benworth.

### C. Identification of Personal Property

In addition to the real property owned by Celtic Enterprises, the Receiver has possession of, although not title to, Mr. Maroney's 2020 Mercedes- Benz S class convertible and four jet skis docked at the Lansing Island Property. Mr. Maroney has recently agreed to sign over the title on these vehicles. Once title is transferred, the Receiver will work to find buyers for these items, seeking the Court's approval for the same.

### D. Securing the Receivership Entities' Books and Records

Although Mr. Maroney has stated that he wants to be cooperative, the Receiver still does not have access to the Google account previously held by Harbor City. However, the Receiver was able to obtain certain email records from the Alabama Securities Commission and is reviewing these records for additional avenues to recoup investor funds.

## 2. Pending and Contemplated Litigation

### A. Pending Litigation

As previously reported, the mortgage holders on the Lansing Island property filed a foreclosure action, *Mira Holdings LLC, et al. v. Celtic Enterprises, LLC, et al.*, Case No. 05-2021-CA-052113, in Brevard County. As stated above, the case is stayed; however, the plaintiffs are pursuing an appeal of the order staying the case. With the Court's approval of the sale

of the underlying property, the Receiver is hopeful that the Plaintiffs will dismiss the appeal.

### B. Contemplated Litigation

This quarter the Receiver's team has pursued discovery from several third-parties to further investigate potential clawback targets.

## 3. Communications with Investors.

The Receiver continues to field telephone calls and emails with investors regarding the current status of the Receivership. Also, investors continue to register through the Receiver's website, www.harborcityreceivership.com/registration.

## 4. The Next Ninety Days.

The Order Appointing Receiver requires this Fourth Quarterly Status Report (and all subsequent reports) to contain "[t]he Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations." Doc. 72-111 ¶ 51.H. At this stage, the Receiver recommends continuation of the Receivership because she still has (1) to obtain additional documents to further investigate the activities of the Receivership entities, its principals and others; (2) to liquidate personal and real property; (3) to bring potential litigation, including contemplated clawback claims; and (4) determine whether there

will be enough in the way of proceeds to establish a claims process for the distribution of funds.

During the next 90 days, the Receiver hopes to have closed on the Lansing Island Property; have obtained title and sought purchasers for the Mercedes-Benz and jet skis; continue her assessment of the investment in Nations Best; continue to collect and analyze documents from nonparties and other sources; and assess potential claims against third-parties.

## **CONCLUSION**

Investors and other creditors of the Receivership Entities are encouraged to periodically check the Receiver's website (www.harborcityreceivership.com) for current information concerning this Receivership. If any investor has information that may be helpful in securing further assets for the Receivership Estate or identifying other potential parties who may have liability to either the Receivership Estate or investors, please email hcinfo@jclaw.com.

Dated this 1st day of November, 2022.

Respectfully submitted,

**s/Katherine C. Donlon**
Katherine C. Donlon, Receiver

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 1, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

*/s/ Nicole Deese Newlon*
NICOLE DEESE NEWLON
Florida Bar No. 832391
nnewlon@jclaw.com
JOHNSON, CASSIDY,
NEWLON & DECORT, P.A.
3242 Henderson Blvd., Ste 210
Tampa, Florida 33609
Telephone: (813) 699-4859
Facsimile: (813) 235-0462
Secondary: kdonlon@jclaw.com;
bwalker@jclaw.com
*Counsel for Receiver Katherine Donlon*