# EXHIBIT A

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.                                                 Case No: 6:21-cv-694-CEM-DCI

HARBOR CITY CAPITAL CORP.,
HARBOR CITY VENTURES, LLC,
HCCF-1, LLC,
HCCF-2, LLC,
HCCF-3, LLC,
HCCF-4, LLC,
HCCF-5, LLC,
HARBOR CITY DIGITAL VENTURES, INC.,
HCC MEDIA FUNDING, LLC,
JONATHAN P. MARONEY,

    Defendants,

and

CELTIC ENTERPRISES, LLC and
TONYA L. MARONEY

    Relief Defendants.

_____/

## THE RECEIVER'S LIQUIDATION PLAN

Receiver, Katherine Donlon, by and through undersigned counsel, submits this Liquidation Plan as required by paragraphs 48 and 49 of the Court's Order Granting Plaintiff's Unopposed Motion for Appointment of Receiver (Doc. 75, 74, and 72-1) (collectively, the "**Order Appointing Receiver**").

# BACKGROUND

At the request of the Securities and Exchange Commission ("SEC"), the Court appointed the Receiver on November 8, 2021 and directed her, in part, to "take custody, control and possession of all Receivership Property," which includes "monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Entities own, possess, have a beneficial interest in, or control directly or indirectly." See the Order Appointing Receiver (Doc. 72-1, at p. 4, ¶7(A)).

On November 12, 2021, the Receiver began to effectuate her mandate to seize and secure the Receivership Estate. The Receiver has determined that the Receivership Estate contains valuable non-cash assets, including real estate, an automobile, and jet skis. As set forth below, this Liquidation Plan explains the general procedures pursuant to which the Receiver intends to sell, transfer, or otherwise dispose of the assets in the Receivership Estate. At the appropriate time, the Receiver will also seek Court approval of her proposed disposition of specific assets, as required by this Liquidation Plan, the Receivership Orders, and pertinent law.

I. **OVERVIEW OF ASSETS**

A. **Real Property**

The Receiver took possession of 143 Lansing Island Drive, the largest asset of the Receivership before filing the Receiver's Second Quarterly Status Report. The Receiver signed a listing agreement to sell the 143 Lansing Island Drive property, and made efforts to remediate the property to place it in the best, most cost-efficient position for sale.

Celtic Enterprises LLC ("Celtic"), a Receivership entity, owned the Property until the Order appointed the Receiver, who took title to the Property. The Property was purchased with scheme proceeds — i.e., money contributed to the scheme by victim investors. In June 2018, Celtic purchased the Property for $2,590,000. The only assets held by Celtic came from Harbor City. The Property has always been titled in the name of Celtic.

In March 2021, just a month before the SEC filed this enforcement action, Celtic obtained a mortgage in the amount of $1,800,000.00 through Benworth Capital. This mortgage was later sold to a group of entities. In order to publicize the sale of the Property, it was listed on Multiple Listing Service ("MLS"), the industry standard listing service for real estate professionals, and Zillow, the popular real estate listing website.2 MLS listings reach essentially every real estate broker and agent in the United States, and Zillow is the most visited real estate

website in the United States. In compliance with Section 2001(b), the Receiver obtained valuations from three disinterested sources.

In September 2022, the Receiver sought Court approval to sell the real property, as required by 28 U.S.C. Section 2001(b) (Dkt. 111). The Court approved the sale on October 25, 2022 (Dkt. 118).

Nonetheless, certain liens exist on the property, including the mortgage, which remains at issue and in active litigation both in the state courts of Florida and in this Court. More specifically, the mortgage holders filed a foreclosure action in Brevard County, Florida, on November 8, 2021. Upon being appointed, and being notified of the pending foreclosure action, the Receiver immediately contacted counsel for the mortgage holders to advise them of the stay of all ancillary proceedings in this Court's Order Appointing Receiver. The mortgage holders refused to stay the foreclosure proceeding, and the Receiver therefore sought a stay of that proceeding, which was granted by the state court on June 9, 2022. The mortgage holders thereafter sought reconsideration of that order staying the foreclosure proceeding, which the state court denied, and thereafter the mortgage holders filed a petition for writ of certiorari of the stay order, which remains pending in the Second District Court of Appeal in and for the State of Florida.

The Receiver separately attempted to negotiate the attorneys' fees and interest being sought by the mortgage holders and their attorneys, to no avail. Without an agreement on these issues, the property cannot be sold as the lien

remains in place and prevents the closing agent from satisfying the lien. The Receiver thereafter sought relief from this Court on December 13, 2022 by virtue of a Motion to Determine Interest and Fees as to the Non-Party Mortgage Holders (Dkt. 125). To date, no opposition has been filed by the mortgage holders.

Upon a resolution of these issues relating to the mortgage holders, including satisfaction of the outstanding lien on the property, the Receiver intends to close the transaction and transfer the net sale proceeds to the appropriate bank account for the benefit of the investors. However, given the large mortgage and high interest rate under the mortgage, proceeds to the Receivership Estate will be less than previously reported. Without a resolution of the outstanding issues involving the attorneys' fees and interest charged by the mortgage holders, the Receiver is unable to detail or even estimate the recovery for the Receivership Estate.

### B. Automobile and Jet Skis

The Receiver has possession of Mr. Maroney's Mercedes and four jet skis and is working with Mr. Maroney to transfer the titles for those vehicles so that those assets can be sold. 28 U.S.C. Section 2004 requires the Receiver to follow the procedures set forth in Section 2001 "unless the Court orders otherwise." 28 U.S.C. §2004. The Court has already ordered otherwise in paragraph 31 of the Order Appointing Receiver (Dkt. 72-1) in that the Order allows the Receiver, "without further Order of the Court," to "transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the

Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property."

## C. BANK ACCOUNTS

The Receiver took possession of certain bank accounts belonging to the Receivership Entities at Wells Fargo Bank, N.A., early this Receivership proceeding. These funds totaled $154,117.52 and were transferred to an account at ServisFirst Bank controlled by the Receiver.

## D. NATIONS BEST

Maroney invested $1 million in a container business known as Nations Best. The Receiver is continuing to work with counsel for Nations Best to determine what if any assets are available for the benefit of the Receivership.

## II. CLAIMS PROCESS

It is anticipated that the Receiver will seek this Court's approval to conduct a claims process whereby defrauded investors will submit Proof of Claim forms for by the Receiver. Thereafter, the Receiver will provide the Court with her recommendations as to those claims and after the Court's ruling on those determinations, pro rata distribution of the assets recovered by the Receiver will be made to the investors with allowed claims. As stated above, the expectation is that the pool from which to make these distributions will be far less than the claims submitted. The Receiver will analyze the assets recovered and the costs to go forward with a claims process before bringing the motion for approval of a claims process before the Court.

Dated: January 10, 2023

Respectfully submitted,

*/s/ Nicole Deese Newlon*
NICOLE DEESE NEWLON
Florida Bar No. 832391
nnewlon@jclaw.com
JOHNSON, CASSIDY,
NEWLON & DECORT, P.A.
3242 Henderson Blvd., Ste 210
Tampa, Florida 33609
Telephone: (813) 699-4859
Facsimile: (813) 235-0462
Secondary: kdonlon@jclaw.com;
bwalker@jclaw.com
*Counsel for Receiver*
*Katherine Donlon*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2023, a true and correct copy of the foregoing was electronically filed with the United States District Court, Middle District of Florida, by using the CM/ECF System, which will serve a copy on all counsel of record.

*/s/ Nicole Deese Newlon*
Attorney