# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,**

      **Plaintiff,**

v.                                                **Case No: 6:21-cv-694-CEM-DCI**

**HARBOR CITY CAPITAL CORP. et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the undersigned on referral of the Receiver's Unopposed Motion to (1) Approve Procedure to Administer Claims and Proof of Claim Form, (2) Establish Deadline for Filing Proof of Claim Forms, (3) Permit Notice by Mail and Publication, and (4) Approve the Retention of Simpluris. Doc. 206 (the Motion). Neither the United States Securities and Exchange Commission nor any other party has opposed the requested relief.

Having considered the Motion and the caselaw cite therein,[1] it is respectfully **RECOMMENDED** that the Motion (Doc. 206) be **GRANTED**, such that:

1. The Receiver's proposed procedure to administer claims as set forth in the Motion and described in the Exhibits to the Motion is fair, reasonable, and equitable and is approved, specifically:

---

[1] *See, e.g., S.E.C. v. Brian Davison, et. al.*, Case No. 8:20-cv-00325-MSS-MRM, Order Doc. 966 (M.D. Fla. July 26, 2023), *S.E.C. v. Arthur Nadel et. al.*, Case No. 8:09-cv-00087-RAL-TBM, Order Doc. 391 (M.D. Fla. Apr. 21, 2010); *S.E.C. v. A. Nadel et. al.*, Case No. 8:09-cv-00087-RAL-TBM, Order Doc. 1241 (M.D. Fla. June 17, 2016).

    a. The Claims Bar Date proposed in the Motion is both necessary to promote finality and efficiency and is reasonable;

    b. The proposal to provide notice by mail and publication is reasonable;

    c. The proposed proof of claim form attached as Exhibit 1 to the Motion is reasonable; and

    d. The procedures to be applied to the administration of claims—including the proposal to equitably distribute assets based upon the Net Investment Amount calculation and the proposal to submit for further court approval a proposed plan of distribution—is fair and equitable for the reasons stated in the Motion;

2. The Court should establish a deadline for receipt of claims that is 75 days from the mailing of the Proof of Claim Form to known possible Claimants (the Claims Bar Date);

3. The Court should approve and permit notice of the Claims Process and Claims Bar Date via Postcard Notice to known investors in the form attached as Exhibit 2 to the Motion and to unknown persons through publication on the Receiver's website of the Notice attached as Exhibit 3 to the Motion, as those forms of notice are reasonable and appropriate as stated in the Motion; and

4. The Court should approve the retention of Simpluris Agent Services to assist in the claims administration process as set forth in the Motion and Exhibit 4 to the Motion.

## **NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure

to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on September 5, 2025.

  DANIEL C. IRICK  
  UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge  
Counsel of Record  
Unrepresented Party  
Courtroom Deputy