# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**

**Plaintiff,**

**v.** **Case No: 6:21-cv-694-CEM-DCI**

**HARBOR CITY CAPITAL CORP., HARBOR CITY VENTURES, LLC, HCCF-1 LLC, HCCF-2 LLC, HCCF-3 LLC, HCCF-4 LLC, HCCF-5 LLC, HARBOR CITY DIGITAL VENTURES, INC., HCC MEDIA FUNDING, LLC, JONATHAN P. MARONEY, CELTIC ENTERPRISES, LLC and TONYA L. MARONEY,**

**Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on Receiver's Unopposed Seventeenth Quarterly Fee Application for Order Awarding Fees and Reimbursement of Costs to Receiver and Her Professionals filed on August 14, 2026. Doc. 246 (the Motion). For the reasons stated herein, it is **RECOMMENDED** that the Motion be **GRANTED**.

### I. BACKGROUND

Katherine Donlon, Esq. (the Receiver) has been appointed as receiver in this matter. Doc. 68. The scope of her powers was laid out by separate order. Doc. 72-1; *accord* Doc. 75. That order stated that Receiver was "given authority to retain Nicole D. Newlon of Johnson, Cassidy, Newlon & DeCort, as counsel." Doc. 72-1 ¶ 2; *accord* Doc. 75. That order also provided that:

> 54. Subject to Paragraph 55 immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist Receiver in carrying out the

> duties and responsibilities described in this Order. Except for counsel retained by the Receiver pursuant to Paragraph 2 of this Order, the Receiver shall not engage any Retained Personnel without first obtaining an Order of the Court authorizing such engagement.
>
> 55. The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates as described in the "Billing Instructions for Receivers in Civil Actions Commenced by the U.S. Securities and Exchange Commission" (the "Billing Instructions") agreed to by the Receiver. Such compensation shall require the prior approval of the Court.

Doc. 72-1 ¶¶ 54, 55; *accord* Doc. 75.

To receive these fees, the order provided that:

> 56. Within forty-five (4%) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the Commission a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by Commission staff.

Doc. 72-1 ¶ 56; *accord* Doc. 75.

Accordingly, Receiver filed her Seventeenth Quarterly Fee Application, which is unopposed.[1] Doc. 246.

## II. STANDARD

Courts are required to utilize the lodestar approach to determine reasonable compensation. *SEC v. Aquacell Batteries, Inc.*, No. 6:07-cv-00608-ACC-DAB, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008). The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); *see also Ela v. DeStefano*, No.6:13-cv-00491-JA-DCI,

[1] The undersigned notes that the Securities and Exchange Commission's lack of objection is a factor in the analysis. *See S.E.C. v. Kirkland*, 2011 WL 5985025, at *1 (M.D. Fla. Nov. 4, 2011) ("[T]he Court will consider the SEC's lack of objection as simply one factor in the analysis.").

2018 WL 11704070, at *1 (M.D. Fla. Mar. 27, 2018) (applying the lodestar methodology). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "If evidence is inadequate, a court in its discretion may reduce an award, make the award on its own experience without further filings or an evidentiary hearing, or exclude unsupported requests." *Proescher v. Sec. Collection Agency*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3432737, at *10-11 (M.D. Fla. June 8, 2018), *report and recommendation adopted sub nom.*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3428157 (M.D. Fla. July 16, 2018) (internal citations and quotations omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotations and citation omitted); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir.[2] 1974).[3]

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to September 30, 1981 in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. The Eleventh Circuit has subsequently explained the district court may (but does not explicitly have to) address the *Johnson* factors directly in its fee analysis, as the factors "'usually

## III. DISCUSSION

### A. Receiver's Fee

Receiver requests $2,520.00 in fees based on 7.2 hours expended at an hourly rate of $350.00. Doc. 246 at 4, 6. Receiver expended 0.3 hours in the Case Administration category and 6.9 hours in the Claims category.[4] *Id.* at 6.

As in a prior report (Doc. 86), which was adopted by the Court (Doc. 92), the undersigned finds that Receiver's requested hourly rate of $350.00 is reasonable. Based on the events detailed in the Motion (Doc. 246 at 2-5) and the itemized timesheet attached to the Motion (Doc. 246-2), the undersigned finds that the 7.2 hours expended by Receiver from April 1, 2026 through June 30, 2026 are reasonable.

Upon consideration of all factors, the undersigned respectfully recommends that the Court grant Receiver's request to be paid $2,520.00 in fees for services rendered.

### B. Receiver Personnel's Costs

Receiver requests that the Court allow her to pay Johnson, Newlon & DeCort (JND) $1,972.50 for costs incurred—Receiver is not seeking personnel fees in this application. Doc. 246 at 6. Upon review of the attached invoice with itemized expenses (Doc. 246-3), these expenses appear justified. The undersigned notes that the expenses relate to the monthly fees for the E-Hounds platform and website hosting, as well as a $37.50 fee paid "for service order of added

---

are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 n. 9 (1983)).

[4] It appears that the Commission provided Receiver with billing instructions; those billing instructions apparently direct Receiver to allocate time billed for each project to a specific "Activity Category." *See* Doc. 246 at 5 n.2.

announcement to site". Doc. 246-3 at 1. Thus, the undersigned respectfully recommends that the Court allow Receiver to pay JND $1,972.50 for costs incurred.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that the Motion (Doc. 246) be **GRANTED**, such that:

1. Receiver be paid $2,520.00 for services rendered; and
2. Receiver be permitted to pay JND $1,972.50 for costs incurred.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on September 21, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE